IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISABELLA BRISTOW, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERIHEALTH CARITAS,<br><br>Defendant. | Civil Action No. |

**NOTICE OF REMOVAL FROM STATE COURT**

Defendant AmeriHealth Caritas ("Defendant"), by and through its undersigned attorneys, hereby gives notice that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1453, this action is removed from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Defendant states as follows:

**I.  THE STATE COURT ACTION**

1. On September 24, 2021, Plaintiff Isabella Bristow ("Plaintiff") commenced a putative class action by Complaint against Defendant titled *Bristow v. AmeriHealth Caritas*, Case No. 210901884, in the Philadelphia County Court of Common Pleas (the "State Court Action"). A true and correct copy of the Complaint is attached as Exhibit A.

2. In her Complaint, Plaintiff alleged that Defendant failed to comply with the requirements of the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. § 333.104(c), by failing to pay overtime premium compensation to Plaintiff. *See* Exhibit A (Complaint), ¶ 27. Plaintiff also asserted claims on behalf of a putative class of other individuals who (i) reside in

1

Pennsylvania and (ii) have been employed by Defendant in Pennsylvania as a CHC Service Coordinator within the past three years.[1]  *Id.* at ¶ 19.

3. On October 27, 2021, Defendant's counsel agreed to accept service of the Complaint on behalf of Defendant and certified that they were authorized to do so.  This agreement was memorialized in a stipulation which also permitted Defendant to answer, plead, or otherwise respond to Plaintiff's Complaint by December 3, 2021.  A true and correct copy of the Stipulation is attached as Exhibit B.

4. On December 3, 2021, Defendant filed an Answer to Plaintiff's Complaint.  A true and correct copy of Defendant's Answer is attached as Exhibit C.

5. On December 23, 2021, Plaintiff filed an Amended Complaint in the State Court Action.  A true and correct copy of the Amended Complaint is attached as Exhibit D.

6. In her Amended Complaint, Plaintiff for the first time asserted a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201(a)(1).  *See* Exhibit D (Amended Complaint) ¶ 27 ("Defendant has violated the FLSA by failing to pay overtime premium compensation to Plaintiff and other class members and, in so doing, has acted with reckless disregard of clearly applicable FLSA provisions.").

7. The Complaint, Stipulation, Answer, and Amended Complaint constitute all pleadings in this action.

---

[1] Defendant does not concede and reserves the right to contest Plaintiff's allegation that this lawsuit properly can proceed as a class or collective action.

II. **REMOVAL IS TIMELY**

8. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b)(3), as it is being filed within thirty (30) days after December 23, 2021, the date upon which Plaintiff filed the Amended Complaint first asserting the FLSA claim that creates grounds for removal.

9. Additionally, this Notice is timely because it is filed within one year after commencement of the State Court Action. *See* 28 U.S.C. § 1446(c).

10. No previous Notice of Removal has been filed with this Court for the relief sought herein.

III. **GROUNDS FOR REMOVAL**

11. 28 U.S.C. § 1441 establishes when an action is removable. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant to the district court of the United States for the district and division embracing the place where such action is pending."

12. This Court's subject matter jurisdiction, and the basis for removal, is founded upon 28 U.S.C. §§ 1331 and 1441.

IV. **ORIGINAL SUBJECT MATTER JURISDICTION**

13. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 and this action may be removed pursuant to 28 U.S.C. § 1441.

14. Federal question jurisdiction exists under Section 1331 where a Complaint asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15. Here, on the face of the Amended Complaint, Plaintiff explicitly alleged violations of, and seek remedies related to, the FLSA. *See* Amended Complaint ¶¶ 26-27. Defendant therefore may remove this action pursuant to 28 U.S.C. § 1441. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693-94 (2003) (holding that there is "no question" that

the FLSA provides a basis for removal jurisdiction); *Minielly v. Acme Cryogenics, Inc.*, No. CV 15-6164, 2016 WL 1221640, at *3 (E.D. Pa. Mar. 28, 2016) (holding that plaintiff's FLSA claim "clearly provides a basis for federal question jurisdiction and removal").

## V. **SUPPLEMENTAL JURISDICTION EXISTS OVER THE STATE LAW CLAIMS**

16. Plaintiff's remaining cause of action is a claim over which this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because it forms part of the same case or controversy as the claim over which this Court would have original jurisdiction. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution."). A district court may exercise supplemental jurisdiction over a state law claim where the state claim shares a common nucleus of operative fact with the claim that supports the court's original jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

17. Although Defendant disputes that Plaintiff's claims present common questions of fact for herself and hundreds of individualized claims of others with varying circumstances of employment, Plaintiff's FLSA and PMWA claims both derive from defendant's alleged failure to pay Plaintiff overtime premium compensation (Amended Complaint ¶¶ 26-27). Thus, this Court has supplemental jurisdiction over Plaintiff's PMWA claim. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) ("Where the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious.").

## V.     **OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

18. Venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Philadelphia County Court of Common Pleas, where this action was filed and had been pending prior to removal, is a state court within this federal district and division.

19. Defendant will promptly file a copy of this Notice of Removal with the Prothonotary for the Philadelphia County Court of Common Pleas in accordance with 28 U.S.C. § 1446(d).

20. Written notice of the filing of this Notice of Removal has been or will be given to Plaintiff in accordance with 28 U.S.C. § 1446(d).

21. A completed Federal Civil Cover Sheet accompanies this Notice of Removal.

22. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present both a brief and oral argument in support of its position that this case is removable.

**WHEREFORE,** Defendant respectfully requests that all further proceedings in the Philadelphia County Court of Common Pleas be discontinued and that this suit be removed to the United States District Court for the Eastern District of Pennsylvania.

Date: January 19, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Michael J. Puma*
Michael J. Puma
Jeffrey Becker
1701 Market Street
Philadelphia, PA  19103
Tel:  (215) 963-5000
michael.puma@morganlewis.com
jeffrey.becker@morganlewis.com

Lauren E. Marzullo (*pro hac vice forthcoming*)
One Oxford Centre, 32nd Fl.
Pittsburgh, PA 15219
Tel:  (412) 560-7407
lauren.marzullo@morganlewis.com

# CERTIFICATE OF SERVICE

I, Michael J. Puma, hereby certify that a true and correct copy of Defendant's Notice of Removal was filed with the clerk of the Eastern District of Pennsylvania and was served via email this 19th day of January 2022 upon:

Peter Winebrake
R. Andrews Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
*Counsel for Plaintiff*

/s/ Michael J. Puma
Michael J. Puma