**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ISABELLA BRISTOW, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERIHEALTH CARITAS,<br><br>Defendant. | Civil Action No. 2:22-00235-WB<br><br>Honorable Wendy Beetlestone |

## DEFENDANT AMERIHEALTH CARITAS' ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant AmeriHealth Caritas Services, LLC ("AmeriHealth Caritas"), by and through its attorneys, hereby submits its Answer and Defenses to the First Amended Class Action Complaint ("Amended Complaint") of Plaintiff Isabella Bristow ("Plaintiff") in accordance with the numbered paragraphs thereof as follows:

AmeriHealth Caritas admits only that that Plaintiff purports to bring a collective and class action lawsuit under the Fair Labor Standards Act ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA"). AmeriHealth Caritas denies the remaining allegations in the unnumbered introductory paragraph of the Amended Complaint and specifically denies that Plaintiff is entitled to any relief and that Plaintiff's claims are suitable for class or collective adjudication.

## PARTIES[1]

1.      AmeriHealth Caritas admits only that its records reflect Plaintiff's last known address to be 1132 Anchor Street, Philadelphia, PA 19124. AmeriHealth Caritas denies the remaining allegations contained in Paragraph 1 of the Amended Complaint.

---

[1] AmeriHealth Caritas restates herein the headings from Plaintiff's Amended Complaint for the Court's convenience, but it does not admit the content of any of the headings.

2.      AmeriHealth Caritas admits only that it employs Plaintiff.  The remaining allegations in Paragraph 2 are conclusions of law to which no response is required.

3.      Denied.

4.      The allegations in Paragraph 4 are conclusions of law to which no response is required.

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 are conclusions of law to which no response is required.

6.      The allegations in Paragraph 6 are conclusions of law to which no response is required.

## FACTS

7.      The allegations in Paragraph 7 purport to quote a written document, the terms of which speak for themselves.  AmeriHealth Caritas denies the allegations in Paragraph 7 to the extent they are inconsistent with the terms of any such written document and/or do not accurately reflect any such written document in part or in entirety.

8.      AmeriHealth Caritas admits only that it employs Plaintiff in the position of CHC (Community HealthChoices) Service Coordinator.  The remaining allegations in Paragraph 8 purport to quote written documents, the terms of which speak for themselves.  AmeriHealth Caritas denies the allegations in Paragraph 8 to the extent they are inconsistent with the terms of any such written document, do not accurately reflect any such written document in part or in entirety and/or assume that such document captures all duties of all CHC Service Coordinators.

9.      The allegations in Paragraph 9 are conclusions of law to which no response is required.  To the extent a response is required, AmeriHealth Caritas denies the allegations in Paragraph 9 of the Amended Complaint.

2

10.     AmeriHealth Caritas admits the allegations in Paragraph 10 of the Amended Complaint.

11.     AmeriHealth Caritas denies the allegations in Paragraph 11 of the Amended Complaint.

12.     AmeriHealth Caritas admits only that it compensates Plaintiff on a salary basis according to applicable law.  AmeriHealth Caritas denies the remaining allegations in Paragraph 12 of the Amended Complaint and specifically denies Plaintiff or any putative class member was improperly classified and entitled to receive overtime pay.

13.     AmeriHealth Caritas denies the allegations in Paragraph 13 of the Amended Complaint.

14.     AmeriHealth Caritas denies the allegations in Paragraph 14 of the Amended Complaint.

15.     AmeriHealth Caritas admits only that the Service Coordinator position does not have any direct reports.  AmeriHealth Caritas denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16.     AmeriHealth Caritas admits the allegations in Paragraph 16 of the Amended Complaint.

17.     AmeriHealth Caritas denies the allegations in Paragraph 17 of the Amended Complaint.

18.     AmeriHealth Caritas admits only that it compensates Plaintiff on a salary basis according to applicable law.  AmeriHealth Caritas denies the remaining allegations in Paragraph 18 of the Amended Complaint and specifically denies that Plaintiff or any putative class member was improperly classified and entitled to receive overtime pay.

## CLASS ACTION ALLEGATIONS

19.     AmeriHealth Caritas admits only that Plaintiff purports to assert a claim on behalf of herself and every other individual who (i) resides in Pennsylvania and (ii) has been employed by Defendant in Pennsylvania as a CHC Service Coordinator since September 24, 2018 (with respect to the PMWA claim) and December 22, 2018 (with respect to the FLSA claim). AmeriHealth Caritas denies the remaining allegations in Paragraph 19 and specifically denies that Plaintiff or any putative class or collective action member is entitled to any relief and that Plaintiff's claims are suitable for class or collective adjudication.

20.     AmeriHealth Caritas denies the allegations in Paragraph 20 of the Amended Complaint.

21.     AmeriHealth Caritas denies the allegations in Paragraph 21 of the Amended Complaint.

22.     AmeriHealth Caritas denies the allegations in Paragraph 22 of the Amended Complaint.

23.     AmeriHealth Caritas denies the allegations in Paragraph 23 of the Amended Complaint.

24.     AmeriHealth Caritas denies the allegations in Paragraph 24 of the Amended Complaint.

25.     AmeriHealth Caritas denies the allegations in Paragraph 25 of the Amended Complaint and its subparts (a)-(e).

## COUNT I

26.     The allegations in Paragraph 26 are conclusions of law to which no response is required.  To the extent a response is required, AmeriHealth Caritas denies that the PMWA entitles exempt employees to any overtime compensation.

27.     AmeriHealth Caritas denies the allegations in Paragraph 27 of the Amended Complaint.

## COUNT II[2]

26(a).    The allegations in Paragraph 26 are conclusions of law to which no response is required.  To the extent a response is required, AmeriHealth Caritas denies that the FLSA entitles exempt employees to any overtime compensation.

27(a).     AmeriHealth Caritas denies the allegations in Paragraph 27 of the Amended Complaint.

## JURY DEMAND

AmeriHealth Caritas admits only that Plaintiff purports to request a jury demand.

## PRAYER FOR RELIEF

AmeriHealth Caritas denies the allegations in the unnumbered "Wherefore" paragraph of the Amended Complaint and its subparts A-D.

## GENERAL DENIAL

AmeriHealth Caritas denies each and every allegation contained in the Amended Complaint that is not specifically admitted herein.

## DEFENSES

1.     Plaintiff's claims and/or those of some or all of the putative class or collective action members are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of AmeriHealth Caritas.

2.     Plaintiff and/or some or all of the members of the purported class or collective

---

[2]     Plaintiff's Amended Complaint uses incorrect paragraph numbers and duplicates Paragraph 26 and 27 in this section.  To maintain consistency, Defendant uses Plaintiff's numbering pattern but have added a letter-suffix to duplicated paragraphs to distinguish them from one another.

who were employed as Service Coordinators at AmeriHealth Caritas were exempt from overtime requirements under the FLSA and PMWA under one or more exemptions, including but not limited to, the administrative exemption.

3.      Some or all of the claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part, by the limitations period applicable to their claims.

4.      Some or all of the claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part, to the extent such claims have been released, waived, discharged, and/or abandoned.

5.      Some or all of the claims of Plaintiff and/or of some or all of the putative class members are barred, in whole or in part, by the doctrines of laches and/or estoppel.

6.      The Amended Complaint fails, in whole or in part, to state specific facts sufficient to certify a class pursuant to the Federal Rules of Civil Procedure.

7.      Plaintiff is not entitled to certification of this action as a class action because the purported class is not ascertainable and also joinder is not impracticable, Plaintiff cannot satisfy the requirement of superiority, questions of law or fact are not common to the class and individual issues predominate, Plaintiff's claims are not typical of the claims or defenses of the purported class, Plaintiff will not fairly and adequately protect the interests of the class, Plaintiff's interests conflict with those of putative class members, and/or the requirements of the Pennsylvania Rules of Civil Procedure otherwise are not met in this case.

8.      Plaintiff is not entitled to certification of this action as a collective action because Plaintiff and the purported collective action members she seeks to represent are not similarly situated to one another.

9.      Plaintiff's claims and/or those of some or all of the putative class or collective action members require individualized inquiries and/or proof of liability or damages would require separate trials.

10.     Plaintiff's claims and/or those of some or all of the putative class members are barred to the extent they concern hours during which they were engaged in activities that were preliminary or postliminary to their principal job activities or otherwise not compensable (e.g., when they were engaged in personal activities).

11.     Plaintiff's claims and/or those of some or all of the putative class or collective action members are barred as to all hours allegedly worked of which AmeriHealth Caritas lacked actual or constructive knowledge.

12.     Some or all of the claims of Plaintiff and/or of some or all of the putative class members are offset, in whole or in part, by any amounts owed to AmeriHealth Caritas, including but not limited to overpayments.

13.     AmeriHealth Caritas's alleged failure to pay overtime wages to Plaintiff and/or some or all of the putative class or collective action members, which AmeriHealth Caritas denies was unlawful, was in good-faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

14.     AmeriHealth Caritas's alleged failure to pay overtime wages to Plaintiff and/or some or all of the putative class or collective action members, which AmeriHealth Caritas denies was unlawful, was based on AmeriHealth Caritas's reasonable and good-faith reliance on one or more exemptions from the overtime pay requirements of the FLSA and the PMWA.

15.     If AmeriHealth Caritas's alleged failure to pay overtime wages to Plaintiff or any

of the putative class or collective action members she seeks to represent was unlawful, although such is denied, none of AmeriHealth Caritas's actions or omissions with respect to some or all of such individuals constitute a willful violation of the law.

16.     If AmeriHealth Caritas's alleged failure to pay overtime wages to Plaintiff and/or any of the putative class or collective action members they seek to represent was unlawful, although such is denied, neither Plaintiff nor some or all of such individuals can demonstrate facts sufficient to warrant an award of liquidated damages.

## RESERVATION OF RIGHTS

AmeriHealth Caritas reserves the right to amend its above responses and to assert such additional defenses that may appear and prove applicable during the course of discovery and its continuing fact investigation.

AmeriHealth Caritas respectfully requests that the Amended Complaint be dismissed in its entirety, with prejudice, and that the Court award AmeriHealth Caritas other relief as the Court deems appropriate.

Date:  January 26, 2022

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Michael J. Puma*
Michael J. Puma
Jeffrey Becker
1701 Market Street
Philadelphia, PA  19103
Tel:   (215) 963-5000
michael.puma@morganlewis.com
jeffrey.becker@morganlewis.com

Lauren E. Marzullo (*pro hac vice*
forthcoming)
One Oxford Centre, 32nd Fl.
Pittsburgh, PA 15219
Tel:  (412) 560-7407
Lauren.marzullo@morganlewis.com

## <u>CERTIFICATE OF SERVICE</u>

On January 26, 2021, I hereby certify that I served a true and correct copy of the

foregoing document on the individuals listed below via ECF:

Peter Winebrake
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
*Counsel for Plaintiff*

*/s/ Michael J. Puma*
Michael J. Puma